United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 04-40966
Summary Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GUADALUPE ROCHA-MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 5:04-CR-194-1
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Rocha-Martinez appeals the sentence imposed following his guilty-plea conviction of transporting an illegal alien for commercial advantage or private financial gain. He argues that the district court committed reversible error under United States v. Booker, 543 U.S. 220 (2005), by sentencing him pursuant to a man-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

datory application of the guidelines.  As the government concedes, Rocha preserved this issue for review by objecting in the district court based on <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).  <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 462-63 (5th Cir. 2005). Accordingly, the question "is whether the government has met its burden to show harmless error beyond a reasonable doubt."  <u>Id.</u> at 464.

The district court erred by sentencing Rocha under the mistaken belief that the guidelines were mandatory.  <u>See</u> <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 267 (2005).  The court sentenced Rocha in the middle of the guidelines range and did not state what sentence it would impose if the guidelines were held unconstitutional.  In these circumstances, the government has not met its "arduous burden" of showing that the error was harmless.  <u>United States v. Garza</u>, 429 F.3d 165, 170 (5th Cir. 2005) (internal quotation marks omitted). Accordingly, we vacate the sentence and remand for resentencing. We do not reach Rocha's alternative argument that the district court committed a Sixth Amendment violation.  <u>See</u> <u>United States v. Akpan</u>, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

SENTENCE VACATED; REMANDED FOR RESENTENCING.